## MARK MUELLER

### v.

## RICHARD GRANT.

*Practice—Bill of Exceptions.*

Where the bill of exceptions fails to show that any motion for a new trial was made, or that any instructions were given or refused, this court will not consider objections touching the weight of evidence and the refusal of instructions asked.

### [Opinion filed May 31, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. E. L. BARBER and RUNYAN & RUNYAN, for appellant.

Mr. J. W. MERRIAM, for appellee.

McALLISTER, J. This was an action of trover brought by appellee against appellant. Plea, the general issue. Verdict and judgment against defendant for $300 damages and costs. On the trial, the principal issue was whether a certain chattel mortgage covering the goods in question and under which the plaintiff claimed the goods as belonging to him, was fraudulent and void, as to the creditors of the mortgagors. Upon that question there was a conflict of evidence. There was no ruling of the court as to the admission or exclusion of evidence, to which exception was taken and relied upon as error. The errors relied upon and for which a reversal is asked on behalf of appellant are that the verdict is against the weight and preponderance of the evidence, and that the trial Judge refused proper instructions asked on behalf of the defendant. The answer to both these assignments of error is, that the bill of exceptions wholly fails to show that any motion for a new trial was made, neither does it show that any instructions were given or refused, or incorporate any. The judgment must therefore be affirmed.                *Affirmed.*